UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FERRIS VALENTINE,<br><br>                Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>                Respondent. | 4:23-CV-04133-KES<br><br>ORDER FOR SERVICE<br>AND TO SHOW CAUSE |

Movant Ferris Valentine has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C § 2255 which was received on today's date. Docket No. 1. Mr. Valentine's motion is dated September 7, 2023. Id. at p. 14. The court has screened Mr. Valentine's motion as required by Rule 4 of the Rules Governing Section 2255 cases in the United States District Court and believes that Mr. Valentine's motion may be time-barred.

Motions under § 2255 are subject to a one-year statute of limitation that runs from the *latest* of four specified dates.[1] See 28 U.S.C. § 2255(f). Only one

---

[1]Section 2255, subsection (f), reads as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

is relevant here–"the date on which the judgment of conviction becomes final." Id.

A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied...]." United States v. Johnson, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (For the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The time for filing a petition for certiorari is 90 days after entry of the Court of Appeals' judgment. Clay, 537 U.S. at 525.

Here, Mr. Valentine pursued a direct appeal of his conviction. United States v. Valentine, No. 21-2261, 2022 WL 1420943 (8th Cir. May 5, 2022). Mr. Valentine's conviction became final 90 days thereafter, when the time for

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

filing a petition for a writ of certiorari to the Supreme Court expired.² That date was August 3, 2022. Mr. Valentine's one-year statute of limitations for filing a § 2255 motion began running on August 4, 2022, and expired on August 3, 2023. Mr. Valentine did not file the instant § 2255 motion until over over a month later, on September 7, 2023 (giving him the benefit of the prison mailbox rule).³ Thus, it appears to the court that his § 2255 motion may be time-barred.

The one-year statute of limitation is not jurisdictional. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The

---

² No evidence appears that Mr. Valentine sought a petition for a writ of certiorari so the 90 days would not be extended while such a motion was pending.

³ The prison mailbox rule allows a habeas petition to be deemed to have been filed with the court on the date the prisoner placed the petition in the prison mail system so long as the prisoner files an affidavit or notarized statement showing the date on which he delivered his pleading to prison authorities. See Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), abrogated on other grounds by Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008); Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001). The portion of Mr. Valentine's § 2255 form where he would provide such a statement under oath is blank (see Docket No. 1 at p. 14), but for purposes of calculating the statute of limitations, the court nevertheless assumes, without so holding, that he is entitled to the benefit of the rule.

3

decision whether to equitably toll the limitations period is a fact-intensive inquiry based upon the totality of the circumstances. Holland, 560 U.S. at 649-50. Equitable tolling represents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

Based on the foregoing screening and analysis, it is hereby

ORDERED that:

1. The Clerk of Court will deliver or serve a copy of Mr. Valentine's motion [Docket No. 1] and this order on the United States Attorney for the District of South Dakota (DSD).

2. Both Mr. Valentine and the United States Attorney for the DSD are directed to file briefs with this court on or before October 10, 2023, showing cause why Mr. Valentine's § 2255 motion should not be dismissed as untimely.

**MR. VALENTINE IS HEREBY NOTIFIED THAT FAILURE TO FILE A TIMELY RESPONSE TO THIS ORDER TO SHOW CAUSE MAY RESULT IN DISMISSAL WITH PREJUDICE OF HIS § 2255 MOTION.**

DATED this 8th day of September, 2023.

BY THE COURT:

_VERONICA L. DUFFY_
United States Magistrate Judge