UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FERRIS VALENTINE,<br><br>             Movant,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | 4:23-CV-04133-KES<br><br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION AND<br>DENYING § 2255 MOTION WITHOUT<br>AN EVIDENTIARY HEARING |

Movant, Ferris Valentine, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Docket 1.[1] The United States filed a response denying each and every allegation in Valentine's petition, Docket 32, and moved to dismiss the petition without holding an evidentiary hearing, Docket 33. Valentine, acting pro se, responded to the United States's motion to dismiss, arguing that the court should either vacate his conviction or, at least, hold an evidentiary hearing. Dockets 40, 42. Magistrate Judge Veronica Duffy issued a report and recommendation advising the court to grant the United States's motion to dismiss without holding an evidentiary hearing. Docket 43. After the court granted Valentine's motions to extend the deadline to object to the report and recommendation, Valentine

---

[1] The court will cite to documents from Valentine's § 2255 motion using the case's assigned docket number. Documents from Valentine's underlying criminal case, *United States v. Valentine*, 4:19-CR-40067-KES (D.S.D.), will be cited using the case's assigned docket number preceded by "CR."

timely filed his objections. Docket 61. The United States did not object to the report and recommendation. Docket 44.

**BACKGROUND**

On August 6, 2019, Valentine was charged by indictment with one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. CR Docket 1. The United States later filed a superseding indictment, which added an additional count of bank robbery. CR Docket 39. Count 1 related to a 2016 robbery of the First National Bank in Sioux Falls, South Dakota. *Id.* Count 2 related to a 2017 robbery of the same bank. *Id.* On February 18, 2021, a jury convicted Valentine on both counts of bank robbery. *Id.*; CR Docket 125. At his trial, sentencing, and on direct appeal, Valentine was represented by defense attorney James A. Eirinberg. *See* CR Docket 171 at 1; CR Docket 168 at 1; CR Docket 161.

At trial, the United States called Terrell Brunston as a witness. *See* CR Docket 110 at 2; CR Docket 171 at 24. Brunston identified Valentine as the individual with whom Brunston had robbed a bank in 2016. CR Docket 171 at 28-29, 50. Brunston also provided information detailing the route Valentine and he took to Sioux Falls and what each was wearing during the bank robbery. *See id.* at 39-41, 44-45. During his cross-examination, Eirinberg questioned Brunston about the identity of an "Ant Brunston" whom Brunston denied knowing. CR Docket 172 at 14, 54-55. Eirinberg also questioned Brunston about his possible gang affiliations, to which counsel for the United States objected. *Id.* at 54, 61-63. The court precluded Eirinberg from

2

questioning Brunston about his involvement in gang activity because Eirinberg did not have "a good-faith basis to rebut his involvement." *Id.* at 63.

At his sentencing, Valentine was designated as a career offender[2] due to his previous convictions for "possession with intent to distribute 3 kilograms of cocaine in 1993 and conspiracy to distribute and possession with intent to distribute 50 grams or more of a cocaine base in 1994." CR Docket 159 ¶ 47 (cleaned up). His career offender status increased his offense level from a 30 to a 34. *Id.* ¶¶ 46-47. With a criminal history category of VI, the guideline range for an offense level of 30 would have been 168-210 months. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). With an offense level of 34, Valentine's guideline range was 262-327 months in custody. *Id.*; CR Docket 159 ¶ 94. The court ultimately sentenced Valentine to 262 months in custody. CR Docket 160.

On September 8, 2023, Valentine timely filed[3] his § 2255 motion, arguing Eirinberg provided ineffective assistance of counsel on six separate theories:

1. Eirinberg rendered ineffective assistance of counsel by failing to conduct sufficient investigation before cross-examining Brunston about his gang affiliations and the existence of an "Ant Brunston";

---

[2] Pursuant to U.S.S.G. § 4B1.1(a), "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

[3] The magistrate judge previously determined that Valentine timely filed his § 2255 motion. *See* Docket 7 at 4.

2. Eirinberg was ineffective by failing to subpoena additional evidence that could have been used to question Brunston's credibility;

3. Eirinberg rendered ineffective assistance by failing to call an identification expert to dispute Brunston's identification of Valentine;

4. Eirinberg was ineffective for misinforming Valentine that the government did not plan on calling Bunston as a witness, which misled Valentine into taking his case to trial;

5. Eirinberg was ineffective for failing to object to Valentine's designation as a career offender at his sentencing;

6. An individual identified as "Mr. Metro" was ineffective for failing to conduct an appropriate investigation, collect exculpatory evidence, and properly advise Valentine concerning the ongoing proceedings.

*See* Docket 1 at 4-6; Docket 2 at 8-14. Valentine also argues that his designation as a career offender was improper because it relied upon an inchoate crime as a predicate offense. Docket 1 at 7; Docket 2 at 15.

Magistrate Judge Duffy provided a full, complete, and well-analyzed report and recommendation addressing all the issues Valentine raised. Docket 43. The magistrate judge recommended this court dismiss all of Valentine's claims without holding an evidentiary hearing. *Id.* at 21. Valentine objects to the magistrate judge's report and recommendation and argues that the court should overrule the report and recommendation in its entirety and grant him an evidentiary hearing to expand the record and resolve numerous factual and legal disputes in this matter. *See* Docket 61 at 1.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil

Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

According to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (citation omitted). Although claims brought under § 2255 may be limited by procedural default, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Under § 2255, "the court must hold an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Shaw v. United States*, 24 F.3d 1040, 1043

(8th Cir. 1994) (quoting 28 U.S.C. § 2255(b)) (cleaned up). An evidentiary hearing is unnecessary when "(1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014)). "If [the court] can determine from the motion and the supporting record in the case that [the movant] is not entitled to § 2255 relief, then no hearing" is required. *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013) (citation omitted). "The movant bears the burden to prove each ground entitling relief*." Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

## I.    Ineffective Assistance of Counsel

To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the movant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A movant "faces a heavy burden to establish ineffective assistance of counsel" under § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. "Reasonable performance includes an adequate investigation of the facts, consideration of viable theories, and development of evidence to support those theories." *Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997).

6

To show prejudice, a movant must prove that "but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *Id.* at 573. "There is a presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002) (citation omitted). The movant bears the burden "to show that counsel's representation was not within the range of sound defense strategy." *United States v. Sera*, 267 F.3d 872, 874 (8th Cir. 2001).

### A.    Claim 1: Failure to Investigate Before Cross-Examining Brunston[4]

Valentine first objects to the magistrate judge's conclusion that Eirinberg's cross-examination of Brunston concerning his gang affiliations or identification of "Ant Brunston" was not prejudicial to Valentine's case. Docket 61 at 2-6; *see also* Docket 43 at 7-8. Valentine objects and explains that Eirinberg "engaged in speculative cross-examination regarding Brunston's alleged gang affiliation without any supporting facts or a thorough investigation." Docket 61 at 2. Valentine also alleges that if Eirinberg had conducted an adequate investigation, he could have confirmed Ant Brunston

---

[4] Valentine first raises a broad objection to the magistrate judge's "re-characterizing his [c]onstitutional claims by rephrasing the claims and then addressing only part of the claim and/or [an] entirely different claim [than] what was raised by petitioner in his pleading." Docket 61 at 1. Because Valentine does not identify which part of the report and recommendation he is objecting to, the court overrules Valentine's objection.

"[w]as a legitimate person rather than a fabrication." *Id.* at 3. Lastly, Valentine asserts that Eirinberg failed to challenge the government's "prejudicial reference to [B]runston as [Valentine's] 'cousin.' " *Id.* at 4.

Generally, a trial counsel's cross-examination techniques are entrusted to the professional discretion of counsel. *See United States v. Villapando*, 259 F.3d 934, 939 (8th Cir. 2001). The Eighth Circuit has found defense counsel's performance deficient "based on ineffective cross-examination where counsel allowed inadmissible devastating evidence before the jury or when counsel failed to cross-examine a witness who made grossly inconsistent prior statements." *Ford v. United States*, 917 F.3d 1015, 1023 (8th Cir. 2019) (citation omitted). Further, the Eighth Circuit has "stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994). A petitioner must identify what evidence should or could have been discovered, however. *Id.* Further, a petitioner must "make a substantial showing that, but for counsel's failure to interview or subpoena the witnesses in question, there is a reasonable probability that the result of his trial would have been different." *Id.*

Valentine argues that he has established prejudice because "Eirinberg['s] inquiries inadvertently bolstered Brunston's credibility whenever the latter denied allegations, thereby compounding the prejudice against [Valentine]." Docket 61 at 4. Valentine concludes that because Eirinberg failed to conduct an adequate investigation, his cross-examination of Brunston "created the

8

impression for jurors that Eirinberg was merely grasping at straws, causing them to lose focus and stop taking notes." *Id.* at 3. In his objections, Valentine lists several facts he argues Eirinberg should have investigated to establish Brunston's gang affiliations, financial dealings, knowledge of Art Brunston, and lack of familial relationship with Valentine. *Id.* at 2-6. Valentine asserts that this information would have enabled Eirinberg to better undermine Brunston's credibility and "highlight[] potential motive for his testimony against [Valentine]." *Id.* at 4. Valentine, however, has failed to show "that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." *Theus v. United States*, 611 F.3d 441, 447 (8th Cir. 2010).

As the magistrate judge noted, Eirinberg's questions during cross-examination that veered into the "unsuccessful detour into the 'Ant Brunston' line of questioning amounted to mere minutiae," and his few questions about "Brunston's gang affiliation sustained an objection from the court." Docket 43 at 8. Even if Eirinberg had investigated the avenues Valentine suggests in his objections, *see* Docket 61 at 2-6, it is unlikely the outcome of the trial would have changed because of the other overwhelming evidence presented at trial that corroborated Brunston's testimony and indicated that Valentine committed the two robberies. For example, Brunston testified that Valentine rented a black vehicle during the time of the first robbery. CR Docket 173 at 46-47. This testimony was corroborated by investigators who obtained car rental agreements made in Valentine's name. *Id.* These car rental agreements

9

led investigators to determine that Valentine also rented a vehicle that matched a description of the vehicle seen at the crime scene during the second bank robbery. *Id.* This piece of evidence, among others, leads the court to conclude that Valentine was not prejudiced by Eirinberg's line of cross-examination. Thus, Valentine's claim for ineffective assistance under this argument fails and his objection is overruled.

### B.    Claim 2: Failure to Subpoena Additional Evidence

Valentine next objects to the magistrate judge's conclusion that Valentine failed to provide " 'specific, particularized facts' demonstrating that the result of his trial would have been different had Attorney Eirinberg sought the [additional] evidence." Docket 43 at 12; *see also* Docket 61 at 6. In his objections, Valentine asserts that "Eirinberg failed to research the case law or investigate the facts of [Valentine's] case, including cell phone data of the [626] number to determine the location of Brunston to impeach him." Docket 61 at 6, 10. Valentine argues that had Eirinberg conducted an adequate pre-trial investigation, he would have uncovered evidence that would have affected the outcome of Valentine's trial. *Id.* at 11-12.

In his petition, Valentine argued that investigation of Brunston's 626 number would have revealed that Brunston was not with Valentine any time after March 2017, which would have shown that Brunston lied about meeting with him to discuss the 2017 robbery. Docket 2 at 11; *see also* Docket 61 at 6. The magistrate judge rejected Valentine's arguments regarding the 626 number because Valentine failed to establish how investigation of the 626 number

10

would have revealed that Brunston was the one planning the 2017 robbery. Docket 43 at 10-11. Here, the court agrees with the magistrate judge that Valentine's claims are based on no more than mere speculation. *See id.* at 12. Valentine has not adequately explained in his objections how his claims entitle him to relief because he relies upon the same conclusory allegations he makes in his petition. Thus, Valentine is not entitled to an evidentiary hearing on his claim that Eirinberg failed to adequately investigate Brunston's cell phone number.[5] *See Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978) (per curiam).

Valentine also argued in his objections that the government suppressed certain evidence that constituted multiple *Brady* violations. Docket 61 at 7-9. Specifically, Valentine alleges that the government failed to provide audio or a transcript of either Brunston's proffer or initial interview with police. *Id.* at 10. Valentine also alleges that the government suppressed Brunston's real cell phone number to prevent Valentine from adequately challenging Brunston's testimony. *Id.* at 7-8. Valentine also makes claims that the government "alter[ed] evidence to fit the narrative of Brunston's tale," such as by

---

[5] In his petition, Valentine identified four other pieces of evidence he believes Eirinberg was deficient in failing to subpoena. *See* Docket 43 at 9 (listing the other four pieces of evidence). Valentine did not object to the magistrate judge's conclusion as to the other four pieces of evidence. *See id.* at 6-12. Because the court agrees with the magistrate judge that Valentine failed to provide "specific, particularized facts" demonstrating how Eirinberg's failure to obtain this evidence prejudiced him, the court adopts this part of the report and recommendation. *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

"distort[ing] the [v]ideo of a Ring Cam" to show a black vehicle, instead of a red vehicle at the scene of one of the robberies. *Id.* at 9.

Here, the court concludes that Valentine's allegations of *Brady* violations do not entitle him to relief. First, Valentine's claims are procedurally defaulted because he failed to raise these arguments on his direct appeal. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see* CR Docket 193 at 1-2 (outlining Valentine's claims raised on direct appeal). And Valentine has also not shown that the procedural default should be excused. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Second, even if Valentine's claims were not procedurally defaulted, Valentine's claims would fail on the merits. Valentine's speculation that the government has not fulfilled its obligations under *Brady* is not enough to establish that the government has, in fact, violated his rights. Further, Valentine has not established that there would have been "a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Kennell v. Dormire*, 873 F.3d 637, 639 (8th Cir. 2017) (citation omitted). For these reasons, the court holds that Valentine is not entitled to relief on his *Brady* claims and overrules his objection.

### C.    Claim 3: Failure to Call an Identification Expert

Valentine next objects to the magistrate judge's conclusion that Eirinberg provided adequate assistance despite not calling an identification expert witness. Docket 61 at 12-13; Docket 43 at 13. Valentine asserts that an identification expert would have "testified that Brunston could not possibly

12

positively ID [Valentine] from [a] video simply from mask and build." Docket 61 at 12.

In recommending Valentine's claim of ineffective assistance be denied, the magistrate judge relied on the Eighth Circuit's ruling in *United States v. Frausto*, 754 F.3d 640 (8th Cir. 2014). Docket 43 at 13. In *Frausto*, the Eighth Circuit held that "where a [movant] alleges ineffective assistance of counsel based on his counsel's failure to consult and call an expert at trial, [the Eighth Circuit] require[s] 'evidence of what a scientific expert would have stated' at trial in order to establish *Strickland* prejudice." *Frausto*, 754 F.3d at 644 (quoting *Rodela-Aguilar v. United States*, 596 F.3d 457, 462 (8th Cir. 2010)). Here, the court agrees with the magistrate judge. Valentine has failed to provide evidence sufficient to sustain his claim. *See* Docket 43 at 12-13. Despite claiming that an identification expert would have testified that Brunston would have been unable to identify Valentine based on his mask and build, *see* Docket 2 at 9-10; Docket 61 at 12, Valentine has failed to identify a specific expert and failed to provide sufficient evidence of what that expert would have stated at trial.[6] *See Frausto*, 754 F.3d at 644; *see also Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) ("[S]peculating as to what [an] expert would say is not enough to establish prejudice."). As such, Valentine's

---

[6] The court also finds relevant that Brunston identified the mask used in the second robbery as the same mask that Brunston witnessed Valentine wear during the first robbery. CR Docket 171 at 45, 50, 76-79. Based on these facts, it is unclear what an identification expert could have testified to that would have overcome Brunston's identification testimony.

objection as to defense counsel's failure to hire an identification expert is overruled.

**D.     Claim 4: Failure to Recommend Valentine Take a Plea Deal and Inform Valentine that Brunston Intended to Testify at Valentine's Trial**

Valentine next objects to the magistrate judge's "rephrasing" of Valentine's claim that Eirinberg "intentionally induc[ed] [Valentine] to proceed to trial by informing" him that the government did not intend to use Brunston as a witness at trial. Docket 61 at 21. Valentine asserts that Eirinberg intentionally misled Valentine so that he would be encouraged to go to trial, in which case Eirinberg could increase his attorney's fees. *Id.* Valentine argues that the magistrate judge mischaracterized his claim by analyzing whether Valentine would have plead guilty but for this "false information." *Id.* at 21-22; Docket 43 at 16-17. In addition to this objection, Valentine now raises the argument that Eirinberg never presented Valentine with a plea offer or provided him the opportunity to plead guilty. Docket 61 at 22-24.

"[A]s a general rule, defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Where a movant "turns down a legitimate plea offer due to incompetent advice, and is later convicted on more serious counts after trial and receives a more serious sentence, his claim for ineffective assistance of counsel will be successful." *Barnes v. Hammer*, 765 F.3d 810, 814 (8th Cir. 2014). For a movant to show he was prejudiced by defense counsel's misadvice, "the movant must present

14

some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

Eirinberg submitted an affidavit that describes the advice he provided Valentine about a plea offer. Docket 31 at 5-6. Eirinberg advised Valentine "that if he pled guilty and honestly cooperated with the Government, he would be in a much better position to be in a lower Guidelines range." *Id.* at 5. Eirinberg asserts that he was unable to convince Valentine of accepting a plea agreement until the middle of his trial, at which point, the government refused to consider a potential plea agreement. *Id.* at 5-6. In support of his affidavit, Eirinberg supplied an email indicating Valentine insisted on going to trial despite "[Eirinberg's] strong advi[ce]" against it, *id.* at 11, and provided a proposed plea agreement and factual basis statement, *id.* at 16-20.

Valentine now claims that Eirinberg failed to present Valentine "with a plea if the government actually presented one." Docket 61 at 22. Valentine's allegations cannot be accepted as true because Valentine's argument is directly contradicted by the record. *See Guzman-Ortiz*, 849 F.3d at 715. For example, Valentine concedes in his initial petition that Eirinberg presented the government's plea offer to him. *See* Docket 1 at 4 (Valentine stating that "[he] was offered a plea deal providing for a 97-121[-]month Guideline recommendation"). In his petition, Valentine argues he did not take the offered plea deal because he alleges that Eirinberg informed him that Brunston would not testify at trial. Docket 2 at 8. Because Valentine's allegations are

15

contradicted by the record, an evidentiary hearing is not warranted on Valentine's claim that Eirinberg failed to inform him of the government's plea offer. *See Guzman-Ortiz*, 849 F.3d at 715.

Further, the court finds that the magistrate judge did not mischaracterize Valentine's claim of ineffective assistance regarding his willingness to take a plea deal. *See* Docket 43 at 16-17. Valentine asserted that he "did not take his plea [offer] due to misadvice given by Eirinberg." Docket 2 at 8. Despite arguing that the magistrate judge mischaracterized this claim, Valentine re-asserts this argument in his objections. *See* Docket 61 at 26. Valentine notes that had Eirinberg correctly informed him that Brunston would testify, "there is a reasonable probability that he would have opted to plea." *Id.* This statement is conclusory. And again, Valentine does not point to any other evidence that would warrant an evidentiary hearing. *See Guzman-Ortiz*, 849 F.3d at 715. As such, the court—like the magistrate judge—finds that Valentine has failed to "present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." *Engelen*, 68 F.3d at 241. Thus, Valentine's objection is overruled.

### E.    Claim 5: Failure to Object to Valentine's Career Offender Status Under *Kisor v. Wilkie*

Valentine next objects to the magistrate judge's finding that Eirinberg did not provide deficient performance when he failed to argue that under *Kisor v. Wilkie*, 588 U.S. 558 (2019), one of Valentine's prior drug convictions could not be used to designate him as a career offender. Docket 61 at 13-20; Docket 43

16

at 15-16. Valentine objects and explains that Eirinberg provided ineffective assistance by failing to object to such a designation at his sentencing and on his direct appeal, thus depriving him of the opportunity to have the Eighth Circuit re-consider its precedent following the Supreme Court's decision in *Kisor*.[7] Docket 61 at 17.

In his petition, Valentine argued that his "1994 Nebraska conviction for conspiracy to distribute 50 or more grams of cocaine base" could not be used as a predicate offense because it was an inchoate offense. Docket 1 at 4. Valentine noted that other circuits, following *Kisor*, held that the definition of a "controlled substance offense" did not include inchoate offenses. *Id.* (collecting cases). Valentine thus concluded that Eirinberg was ineffective for failing to raise this issue at his sentencing. *Id.*

"Even in cases where there is a split of authority, the 'complete lack of Eighth Circuit or Supreme Court authority on [a] subject' governs whether counsel's performance falls within the wide range of professionally competent assistance." *Basham v. United States*, 811 F.3d 1026, 1029 (8th Cir. 2016)

---

[7] In *Kisor*, the Supreme Court held that lower federal courts should only give deference to agency interpretations of regulations if the regulations were "genuinely ambiguous." *Kisor*, 588 U.S. at 574. As the magistrate judge explained in her report and recommendation, prior to *Kisor*, "many courts felt obliged to provide a high standard of deference to [the guidelines] commentary" in interpreting the United States Sentencing Guidelines. Docket 43 at 14-15. After *Kisor*, some circuits found that because the definition of "controlled substance offense" was "unambiguous," such offenses did not include inchoate offenses. *See, e.g. United States v. Dupree*, 57 F.4th 1269, 1279 (11th Cir. 2023) (en banc); *United States v. Nasir*, 17 F.4th 459, 472 (3d Cir. 2021) (en banc).

(quoting *Fields v. United States*, 201 F.3d 1025, 1027-28 (8th Cir. 2000)). As the magistrate judge found, at the time of Valentine's sentencing, under Eighth Circuit precedent, "for purposes of career offender status, inchoate offenses are 'controlled substance offense.' " Docket 43 at 15; *see also United States v. Rivera*, 76 F.4th 1085, 1090-91 (8th Cir. 2023) (recognizing that no Eighth Circuit or Supreme Court case overruled the finding that inchoate offenses do contribute to career offender status); *United States v. Cupples*, 105 F.4th 1096, 1097 (8th Cir. 2024) (finding same). Because "counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts . . . cannot render counsel's performance professionally unreasonable," *Fields*, 201 F.3d at 1028, the court finds that Eirinberg did not provide ineffective assistance by failing to raise an objection under *Kisor* at the time of Valentine's sentencing. Thus, the court overrules Valentine's objection and adopts the magistrate judge's recommendation to dismiss Valentine's claim of ineffective assistance of counsel.

F.    **Claim 6: Failure of "Mr. Metro" to Conduct an Adequate Investigation**

Valentine does not raise an objection to the magistrate judge's conclusion as to his broad claims regarding the unidentified "Mr. Metro." *See generally* Docket 63; Docket 43 at 18. In the report and recommendation, the magistrate judge noted that it was unclear who Valentine was referring to in his reference to Mr. Metro. Docket 43 at 18. The magistrate judge reasoned that "[t]o the extent Mr. Valentine intended to write 'Mr. Eirinberg,' he fails to

state 'specific, particularized facts,' showing he is entitled to relief." *Id.* (quoting *Adams*, 897 F.2d at 334. Because Valentine did not object, and "vague and conclusory" allegations do not warrant an evidentiary hearing, *United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995), the court adopts the magistrate judge's recommendation to dismiss Valentine's claim of ineffective assistance as to Mr. Metro.

## II.    Valentine's Stand Alone *Kisor* Claim

Valentine objects to the magistrate judge's conclusion that Valentine's separate claim to challenge his career offender status under *Kisor* is procedurally defaulted. Docket 61 at 28; Docket 43 at 18-20. Because the court finds that Valentine failed to raise this argument on direct appeal, *see generally* CR Docket 193, and that even if he had, Valentine's claim would fail on the merits as established above. Thus, the court overrules Valentine's objection and adopts the magistrate judge's recommendation to dismiss this claim.

## III.    Valentine's Motion to Compel and Other Pending Motions

Valentine objects to the magistrate judge's denial of his motion to compel numerous pieces of evidence. Docket 61 at 31-33; Docket 43 at 20-21. Valentine has also filed six new motions since the issuance of Magistrate Judge Duffy's report and recommendation: a motion for discovery (Docket 47); a motion to compel defense counsel to surrender his case file (Docket 53); a motion to expand the record (Docket 62); a motion for an evidentiary hearing (Docket 63); a motion to appoint counsel (Docket 65); and a motion to amend

or expand the record (Docket 68). The court first addresses Valentine's objection and then each motion in turn.

### A. Objection to Motion to Compel

Valentine objects to the magistrate judge's denial of his motion to compel certain evidence that he argues is relevant to his claims. Docket 43 at 20-21; Docket 61 at 31-33. The court finds that Valentine has failed to show good cause that granting his motion to compel would demonstrate that he is entitled to the relief he is requesting. *See* Docket 43 at 20-21.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A habeas petitioner may only be allowed discovery to the extent the court, after good cause is shown, grants leave to conduct it. Rule 6(a) of the Rules Governing § 2255 Proceedings. *See id.*

In the report and recommendation, the magistrate judge denied Valentine's motion to compel certain evidence because Valentine failed to show that anything in his case file, or elsewhere, would support his claims for ineffective assistance of counsel. *See* Docket 43 at 21. Because the court has determined above that Valentine is not entitled to relief on any of his raised claims of ineffective assistance, and Valentine has not raised any new arguments in his objection, the court overrules Valentine's objection as to the magistrate judge's denial of his motion to compel.

20

**B. Motions for Discovery and to Expand the Record**

For similar reasons, the court denies Valentine's motion for discovery (Docket 47) and his motion to compel defense counsel to turn over his case file (Docket 53). Valentine makes the same broad discovery requests in the two motions as he made in his motion to compel. *Compare* Docket 43 at 20 (summarizing the evidence Valentine requests) *with* Docket 47 at 2 (requesting items including communications between the government and defense counsel and defense counsel's case file) *and* Docket 53 at 1-4 (requesting defense counsel's entire case file). Again, because the court has determined above that Valentine is not entitled to relief on any of his claims for ineffective assistance, the court denies both motions because good cause does not exist to grant either motion.

**C. Motion for Evidentiary Hearing**

Valentine also moves for an evidentiary hearing on the claims he raises in his petition and his objections. Docket 63. Valentine argues that because the court is faced with "conflicting affidavits," the court must hold an evidentiary hearing to resolve the factual disputes. Docket 64 at 1. A court, however, can dispense with an evidentiary hearing if the motions and records of the case conclusively establish that the petitioner is not entitled to relief. *See Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012). Because the court has already determined that Valentine is not entitled to relief on any of his claims, as discussed above, the court denies his motion for an evidentiary hearing.

### D. Motion to Appoint Counsel

Valentine also moves for the appointment of counsel. Docket 65. "[T]he Sixth Amendment right to counsel does not attach to a habeas corpus proceeding." *Hoggard*, 29 F.3d at 471. Nonetheless, a district court may appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g). When an evidentiary hearing is not necessary, the appointment of counsel is discretionary. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Here, the court has found that no evidentiary hearing is necessary. Further, because the court determines that the interests of justice do not require that counsel be appointed for Valentine, the court denies Valentine's motion for the appointment of counsel.

### E. Motions to Amend or Expand the Record

Valentine has also filed two motions to amend or expand the record with supplemental claims for relief. *See* Dockets 62, 68. In his first motion to expand the record—filed on January 28, 2025—Valentine requests that the record be expanded to include all exhibits and affidavits attached to his § 2255 motion and memorandum brief pursuant to Rule 7 of the Rules Governing § 2255 Proceedings. Docket 62 at 1. Valentine does not identify which exhibits or affidavit he is referring to in his motion, *see id.*, but the court infers that Valentine is referencing the affidavit and interrogatories he filed on that same day, Dockets 66-67. In his affidavit, Valentine raises several new facts detailing Eirinberg's performance as his defense counsel and that of his initial defense counsel, Ryan Kolbeck. *See* Docket 66 at 1-3. In his second motion to amend

22

or expand the record—filed roughly two months after his first motion was filed—Valentine raises a *Brady* claim and several new claims of ineffective assistance. *See* Docket 68 at 2-10. After reviewing Valentine's two motions, his affidavit, and the affidavit's attachments, the court denies both of Valentine's motions to expand the record because, as explained below, Valentine's attempt to supplement the record is untimely and his new claims do not relate back to the claims raised in his initial petition.

First, the court finds that Valentine's motions to expand the record are untimely. Generally, a § 2255 motion must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). As the magistrate judge previously determined, Valentine's judgment of conviction became final on September 8, 2022, and he had one year from that date to file his § 2255 motion. Docket 7 at 3-4. Valentine's first motion to expand the record was filed on January 28, 2025, Docket 62, and his second motion was filed on March 25, 2025, Docket 68. Because these motions were filed outside the one-year window that began on September 8, 2022, the court holds that Valentine's motions to expand the record to include new claims are untimely. Thus, Valentine's motions are time-barred unless he can show that his new claims relate back to the claims he raised in his initial petition. *See Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003).

Second, the court finds that Valentine's new arguments and claims do not relate back to the claims raised in his initial petition. "The relation back

doctrine allows untimely claims to be deemed timely by treating the claims as if they had been filed when the timely claims were filed." *Id.* at 1000. For Valentine's new claims to relate back to the claims in his petition, "the claim asserted in the original pleading and the claim asserted in the amended pleading [must arise] out of the same conduct, transaction, or occurrence." *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999); *see also* Fed. R. Civ. P. 15(c). In his second motion to expand the record, Valentine raises several new arguments regarding whether Eirinberg provided ineffective assistance. *See* Docket 68 at 3-9 (arguing that Eirinberg failed to object to a two-level enhancement at his sentencing and that Eirinberg failed to strike a juror during voir dire whom Eirinberg personally knew). Valentine also argues that the government violated *Brady* by suppressing certain evidence regarding Brunston's cell phone number and proffer interview—claims he previously made in his objections to the report and recommendation. *Id.* at 2-3; Docket 61 at 7-9. Because the claims raised in his motions were either already raised in his petition or objections and were dismissed above or are new claims that do not relate back to claims raised in his initial petition, the court denies both of Valentine's motions to expand or amend the record (Dockets 62, 68).

## IV.    Certificate of Appealability

To appeal the denial of a § 2255 motion, a petitioner must first seek a certificate of appealability from the district court. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). To meet the substantial showing requirement, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Said differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Valentine has not made a substantial showing that his claims are debatable among reasonable jurists, that a court could resolve his claims differently, or that any of the issues raised in his claims deserve further proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

As Magistrate Judge Duffy accurately discussed in her report and recommendation, Valentine's claims fail as a matter of law. Thus, it is

ORDERED:

1. Valentine's objections to the report and recommendation (Docket 61) are overruled.

2. The report and recommendation (Docket 43) is adopted in full as supplemented by this order.

3. The government's motion to dismiss (Docket 33) is granted.

4. Valentine's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed.

5. Valentine's Motion for Discovery (Docket 47); Motion to Compel Defense Counsel to Surrender Case File (Docket 53); Motion to Expand the Record (Docket 62); Motion for Evidentiary Hearing (Docket 63); Motion to Appoint Counsel (Docket 65); and Motion to Amend or Expand the Record (Docket 68) are denied.

6. A certificate of appealability will not be issued.

Dated April 22, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE